245 P.2d 960

**STEEL et ux. v. NATIONAL SURETY CORP. OF NEW YORK et al.**

**No. 5557.**

Supreme Court of Arizona.

June 30, 1952.

Udall & Udall, of Tucson, for appellants.

Krucker, Evans & Kemper, of Tucson, for appellee National Surety Corp. of New York.

194

STANFORD, Justice.

This is an appeal from an order dismissing appellants' complaint for failure to state a claim upon which relief can be granted. The facts of the case are essentially as follows:

On November 22, 1950, appellants, Frank W. Steel, Jr., and wife, recovered a money judgment in the Superior Court of Pima County against one Dudley A. Dobry, a real estate broker. The action arose out of fraudulent representations made by Dobry to appellants in April of 1948. This action was filed in March of 1951 against appellee, National Surety Corporation of New York, as surety on Dobry's real estate broker's bond. Appellee moved to dismiss the complaint for failure to state a claim on the theory that the action was barred by the one-year statute of limitations. The lower court granted the motion to dismiss and this appeal followed.

Appellants present one assignment of error which we shall quote:

"The trial court erred in ordering Appellants' complaint dismissed, which order was based on the holding that the cause of action stated was barred by the one-year statute of limitations (Section 29–201, A.C.A. 1939), for the reason that the statute of limitations applicable to Appellants' action is the six-year statute (Section 29–205, A.C.A. 1939) and for the further reason that in any event the action was filed within one-year from the time of its accrual."

The first issue for our determination is whether the liability of the surety on a real estate broker's bond is a "liability created by statute" and thereby subject to the one-year statute of limitations.

This court defined "liability created by statute" in the case of Griffen v. Cole, 60 Ariz. 83, 131 P.2d 989, 991, from which we quote:

"The term 'liability created by statute' has been construed many times and the courts define it as a liability that comes into being solely by statute and as having no existence prior to the enactment creating it, * * *".

The precise question for our determination, therefore, is whether the real estate broker's bond in the instant case is operative only as to those liabilities "created by statute" and having no existence prior to the enactments creating them. Section 67–1714, A.C.A. 1939, from which we quote, requires a real estate broker's bond to be filed with the commissioner as a condition precedent to receiving a broker's license:

"(c) Before granting a broker's license the commissioner shall require of the applicant a corporate surety bond, to be approved by him, in the sum of two thousand five hundred dollars ($2,500). *The bond shall be conditioned: 1. upon the faithful*

*compliance of the broker so licensed with the provisions of this act,* and, *2. that he will conduct the business of real estate broker in a reliable and dependable manner.* The bond shall run to the state, for the benefit of any person injured by the *wrongful act, default, fraud,* or *misrepresentation* of the broker in his capacity as such, and any person so injured may bring suit on the bond in his own name. \* \* \*" (Italics ours.)

Subsections (1) and (2) of the above-quoted statute set forth the conditions required of a corporate surety bond in order to be considered sufficient, and then the statute further states that the bond shall run to the state for the benefit of any person injured by the *wrongful act, default, fraud,* or *misrepresentation* of the broker in his capacity as such. There can be no disputing the fact that fraud and misrepresentation are not "liabilities created by statute". Surely it cannot be argued that a fraudulent transaction created no liability until our codification of the common law! Thus it is seen that the bond required of a real estate broker must indemnify the public against the broker's fraud and misrepresentations, etc., as well as for the rules of conduct laid down in the Real Estate Act. Does the bond in issue satisfy the requirements of the statute? We shall quote from the bond itself:

"The conditions of the above obligation are such, that Whereas, the above bounden principal is about to obtain a license to engage and practice in the business of real estate broker in accordance with the provisions of chapter 53, Laws of Regular Session, 13th Legislature, State of Arizona, and any amendments thereto, requiring a license to and bond from real estate brokers and providing a penalty.

"Now, therefore, if the said Dudley A. Dobry the above bounden principal, if said license is issued to him shall well, truly and faithfully perform the duties now required of him by law or as may be imposed upon him by law and shall practice the business of real estate broker in a truthful, reliable and lawful manner, and in all respects faithfully comply with the provisions of chapter 53, laws of Regular Session, 13th Legislature, State of Arizona, and any amendments thereto, pertaining to acts done or acts prohibited by real estate brokers *and shall pay to any party entitled thereto all damages as may be caused by the negligence, misrepresentations, wrongful or unlawful acts of said principal,* directly, or indirectly, while said principal is acting in the capacity of a real estate broker, then this bond shall be void and of no effect; otherwise to remain in full force and virtue." (Italics ours.)

196

It cannot be said that the bond involved in this action does not fully comply with the requirements of the statute. The bond refers to the Real Estate Act and by its terms agrees to be in full force and effect only if the principal should not comply with the requirements of the act while acting in his capacity as real estate broker. It will be noted that the bond also provides for the negligence, misrepresentations and wrongful or unlawful acts of the principal. We are therefore of the opinion that the liability incurred under the bond is not a "liability created by statute" and subject to the one-year statute of limitations.

Appellee relies heavily on the case of National Surety Co. v. Dorsey, 42 Ariz. 180, 23 P.2d 111, 112. In the Dorsey case, supra, the court held that the bond required of a securities broker, as a prerequisite to obtaining a broker's license, was a statutory bond and a "liability created by statute". It was also held that the one-year statute of limitations was the applicable statute in determining the surety's liability on the bond. In the Dorsey case, supra, however, the bond was conditioned upon the "faithful compliance with the 'provisions of law'". The phrase "provisions of law" was interpreted and construed by this court to mean a compliance with the terms of the law regulating the stock brokerage business, and not the general body of law. The court said:

"* * * There is, it occurs to us, no way of looking at the matter that would justify the conclusion that a broker's failure to comply with some provision, rule or principle of law not contained in chapter 30, even though it result in loss to a person with whom he deals, would render the surety on such bond liable for the loss. The recitals in the bond itself show that the parties to it acted upon the theory that the surety could be made to respond only for loss resulting from a failure to live up to the provisions of the act itself, * * *."

Thus it is seen that the Dorsey case, supra, is distinguishable from the case at bar. The bond in the instant case agrees to do more than guarantee the real estate broker's compliance with the provisions of the Real Estate Act. It guarantees that the broker will not defraud those with whom he deals, a liability existing independently of the provisions of the Real Estate Act. We therefore hold that the liability incurred under the bond is not a "liability created by statute" and that the one-year statute of limitations is not applicable. As the action against the surety was commenced within the applicable statute of limitations, the judgment is reversed with instructions to reinstate the complaint.

Judgment reversed with directions to reinstate the complaint.

PHELPS, DE CONCINI, and LA PRADE, JJ., and LORNA E. LOCKWOOD, Superior Court Judge, concurring.

NOTE: Chief Justice LEVI S. UDALL, having disqualified himself, Superior Court Judge LORNA E. LOCKWOOD, of Maricopa County, was called to sit in his stead.